UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:17-cr-00147-LEW |
| | ) | |
| SEAN MULKERN, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In 2021, Judge Jon D. Levy sentenced Defendant Mulkern to two concurrent mandatory minimum sentences of 180 months imprisonment following Mulkern's guilty plea to drug trafficking and unlawful firearms possession. Before the Court is Mulkern's Motion for Compassionate Release (ECF No. 196).

A court may "vacate, alter, or revise a sentence previously imposed," only in "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By statute, a court can reduce a term of imprisonment where "extraordinary and compelling reasons" support the reduction when considered against the statutory sentencing factors of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) also contains an exhaustion requirement such that there are only three circumstances in which a court may consider the merits of a motion for compassionate release: *i.e.*, (1) the Director of the Bureau of Prisons ("BOP") files the motion; (2) the Defendant files the motion after exhausting his administrative rights to appeal the BOP's refusal to bring a motion on his behalf; or (3) the Defendant files the motion 30 days after he requests the warden of his prison to petition for compassionate release on his behalf. *Id.* § 3582(c)(1)(A).

Mulkern has filed his own motion for compassionate release, but the Government contends that he has failed to meet the statutory exhaustion requirements. The statute's exhaustion requirement "is a non-jurisdictional claim-processing rule." *United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022). Such a rule is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." *Fort Bend Cnty. v. Davis*, 587 U.S. 451 (2019) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)). Because the issue has been raised, before I consider the merits of Mulkern's motion, he must demonstrate that he satisfied the exhaustion requirement.

Mulkern's first filing for this matter was a Motion to Appoint Counsel (ECF No. 188) so that he could pursue compassionate release. In that motion he stated, "I have and did notify the warden here at FCI [Schuykill] of my intentions on 12-17-24," about two months before his filing. Mot. to Appoint Counsel at 2. Following appointment of counsel, Mulkern filed a Motion for Compassionate Release contending that his notification to the warden satisfies the exhaustion requirement because the warden did not respond to it. For its part, the Government contends that "BOP confirmed that no request was filed." Response (ECF No. 203) at 4.

Neither Mulkern's Motion to Appoint Counsel nor Motion for Compassionate Release includes any notification to the warden as an attachment. Instead, in his Reply (ECF No. 204), Mulkern states he is prepared to offer testimony that he requested BOP file a motion for compassionate release and BOP took no action. There is no need for Mulkern to reiterate in the form of testimony what he has already stated in writing. The exhaustion requirement does not anticipate a swearing contest and by the time a testimonial hearing could be arranged an individual could simply submit a new request to the warden and file a new petition 30 days later. That is the obvious course matters like this should follow rather than having such matters turn on testimonial hearings and credibility determinations. Suffice it to say, on the current record, I cannot reliably

assess whether Mulkern has made a request of the BOP or his warden, let alone whether the request is one that would satisfy the exhaustion requirements of section 3582(c). *United States v. Vazquez-Figueroa*, No. 15-cv-528, 2025 WL 2212131, at *4 (D.P.R. Aug. 5, 2025) (concluding that exhaustion was not demonstrated where petitioner's mere assertion of exhaustion was not supported by any corroborating evidence); *United States v. Ayala-Vazquez*, -- F.Supp.3d ---, 2025 WL 1463327, at *3 (D.P.R. May 21, 2025) ("Because Ayala bears the burden of showing that he exhausted administrative remedies, merely asserting that he made the necessary request to the warden is insufficient without additional proof, such as documentary evidence.").

Mulkern may submit evidence beyond redundant testimony demonstrating he has satisfied the exhaustion requirement, or he may refile his motion after satisfying the requirement. Presently, because Mulkern has not demonstrated he satisfied the exhaustion requirement his motion for compassionate release is denied without prejudice (ECF No. 196).

**SO ORDERED.**

**Dated this 23rd day of September, 2025.**

/s/ Lance E. Walker
Lance E. Walker
Chief U.S. District Judge