UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-cr-00147-LEW |
| | ) | |
| SEAN MULKERN, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In 2021, Judge Jon D. Levy sentenced Defendant Sean Mulkern to two concurrent mandatory minimum sentences of 180 months imprisonment following Mulkern's guilty plea to drug trafficking and unlawful firearms possession. Before the Court is Mulkern's Motion for Compassionate Release (ECF No. 209).

### STANDARD

A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). By law, "[t]he court may not modify a term of imprisonment once it has been imposed except [for certain prescribed reasons]." 18 U.S.C. § 3582(c). For present purposes, I am authorized to reduce Defendant's sentence only on a showing that three requirements are met. First, there must be "extraordinary and compelling reasons" that warrant a sentence reduction. *United States v. D'Angelo*, 110 F.4th 42, 48 (1st Cir. 2024) (citing 18 U.S.C. § 3582(c)(1)(A)). Second, the decision should adhere to applicable policy statements issued by the Sentencing Commission. *Id.* Third, it must also be demonstrated

that the applicable sentencing factors of 18 U.S.C. § 3553(a) support the reduction. *Id.* Failure to meet any one of these requirements compels the denial of the request. *Id.* In terms of demonstrating extraordinary and compelling circumstances, the Court will consider the reasons given by the defendant in a holistic fashion. *Id.* But the extraordinary and compelling standard is both narrow and stringent. *Id.*

## DISCUSSION

Mr. Mulkern argues that his history of back pain and degenerative orthopedic conditions, the limitations these conditions impose on his ability to stand or walk, the pain and discomfort associated with these conditions and a sciatic nerve cyst, certain mental and physical impairments (major depressive disorder, ADHD, hypermetropia, hypertension, GERD, and latent tuberculosis infection), his age (59), the non-occurrence of needed back surgery during his several years of incarceration, his unusually long sentence, his experience of particularly restrictive conditions of confinement during the COVID-19 epidemic, his rehabilitative efforts, the unlikeliness of recidivism in his case, the anticipated arrangement of sober-living recovery services, and the existence of family supports are extraordinary and compelling reasons why he should be relieved of the burden of serving the remainder of his sentence.

The Government opposes Mulkern's Motion. Resp. (ECF No. 213). It emphasizes the seriousness of his offenses and argues that the circumstances do not qualify as extraordinary and compelling, principally because Mulkern remains capable of tending to self-care and does not face the risk of serious deterioration of his condition while he remains in prison. The Government also articulates why it considers Mulkern a threat to

public safety and argues that Mulkern has not seriously assuaged that significant concern in his Motion. Additionally, the Government asserts that Mulkern has not yet served a substantial portion of his sentence (now having served roughly nine years) and that his behavior in custody has not been exemplary, citing multiple disciplinary infractions (citing ECF Nos. 196-3 at 4 & 213-5).

I have considered the briefs and the associated exhibits, including the transcript of the sentencing hearing, the medical records, and the risk-assessment and disciplinary records. After a thorough review of the record, my conclusion is that Mr. Mulkern has not presented extraordinary and compelling reasons for the discontinuation of his sentence. Mulkern's degenerative orthopedic condition, which of all his itemized reasons is by far the most concerning factor behind his request, does not satisfy the Sentencing Commission's policy statement, which anticipates that applicants for compassionate release be of more advanced age than Mulkern, have substantially diminished capacity for self-care in the prison environment, or else have an untreated condition likely to lead to serious health deterioration or death.[1] U.S.S.G. § 1B1.13(b)(1), (2). Mulkern's age is not particularly advanced; his capacity for self-care, if it is diminished at all, has not been shown to be substantially diminished; and his condition is unlikely to deteriorate seriously prior to his release. Nor am I persuaded that the remaining reasons itemized by Mr. Mulkern, viewed holistically alongside the degenerative condition, are sufficient to

---

[1] Assuming that I have discretion to deviate from the Commission's characterization of extraordinary and compelling medical conditions experienced by older defendants who have served long sentences, I decline to do so because I consider the Commission's policy statement to afford an appropriate standard for the evaluation of such matters.

demonstrate extraordinary and compelling circumstances or that a hearing would change this assessment.

CONCLUSION

The Court wishes Mr. Mulkern every success upon his release in regard to his medical conditions, addiction recovery, familial bonds, and work opportunities, but I am constrained by law to deny his Motion for Compassionate Release because the circumstances presented are not "extraordinary and compelling." Defendant's Motion for Compassionate Release (ECF No. 209) is DENIED.

**SO ORDERED.**

Dated this 14th day of July, 2026.

/s/ Lance E. Walker

Chief U.S. District Judge
